UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**    ) | |
|     Petitioner,    ) | |
|     ) | Civil Action No. 10cv10543-NG |
| v.    ) | |
|     ) | |
| **CLYDE FANNING,**    ) | |
|     Respondent.    ) | |

**GERTNER, D.J.:**

### ORDER REGARDING EVIDENTIARY HEARING
June 28, 2010

The respondent, Clyde Fanning, is currently being held in the custody of the United States pursuant to 18 U.S.C. § 4246(a) pending a hearing to be held on July 7, 2010, to determine whether he should be civilly committed to the custody of the Attorney General because he "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d).

These proceedings were initiated when the warden of the Federal Medical Center, Devens, filed a "Certificate of Dangerousness Due to Mental Disease or Defect" in accordance with section 4246(a) on April 1, 2010. In addition to filing this certificate, the government also filed a "Risk Assessment Panel Report" prepared by Dr. Shawn Channell and Patrick K. Cook, a predoctoral psychology intern. (See Petition for a Hearing ¶ 3, document #1.) Furthermore, the government filed a proposed order providing for the appointment of counsel for the respondent and "the appointment of an additional mental health examiner pursuant to 18 U.S.C. § 4247(b), to be selected by the Respondent." (Proposed Order of Representation, document #4.) The Court adopted the government's proposed order (Order of Representation, document #8), and the

respondent has since notified the Court that he has selected Dr. Naomi Leavitt as the "additional mental health examiner," (Notice Concerning Mental Health Examiner, document #14).

A dispute has since arisen between the parties regarding Dr. Leavitt's role in this case. Respondent's counsel would like to consult with Dr. Leavitt on an ex parte basis in preparation for the July 7 evidentiary hearing. The government contends that Dr. Leavitt is an independent expert appointed to assist the Court; thus, any ex parte communications with Dr. Leavitt would be inappropriate. (<u>See</u> Joint Mot. Requesting Status Conference 2, document #16.) The Court discussed this issue with the parties during a status conference held on June 22, 2010. It is issuing this order to provide greater clarification of the role it believes Dr. Leavitt should play in this case and, more generally, how the Court envisions the evidentiary hearing proceeding on July 7.

18 U.S.C. § 4246(b) permits a court to order a psychiatric or psychological examination of an individual who will be subject to an evidentiary hearing under section 4246(a). 18 U.S.C. § 4247(b), in turn, provides:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section . . . 4246 . . ., upon the request of the defendant an additional examiner may be selected by the defendant.

In addition, 18 U.S.C. § 3006A(e) permits the Court to authorize the expenditure of public funds so that an indigent individual subject to a hearing under section 4246(a) may obtain the assistance of a psychologist or psychiatrist.

Unfortunately, section 4247(b) is ambiguous regarding the status of the "additional examiner . . . selected by the defendant." Chief Judge Wolf held in a civil commitment case involving an allegedly sexually dangerous person that mental health examiners designated pursuant to section 4247(b) "are not intended to function as advocates for one side or the other." United States v. Wilkinson, No. 07-cv-12061-MLW, 2008 WL 427295, at *13 (D. Mass. Feb. 14, 2008). He thus barred the attorneys for both parties in Wilkinson from communicating with either examiner. United States v. Wilkinson, No. 07-cv-12061-MLW, Order ¶ 10 (D. Mass. Feb. 8, 2008). By providing that "[e]ach examiner shall be designated by the court, *except . . . upon the request of the defendant an additional examiner may be selected by the defendant*," however, section 4247(b) seems to draw a distinction between an "examiner . . . designated by the court" and the "additional examiner . . . selected by the defendant." 18 U.S.C. § 4247(b) (emphasis added). It is thus possible to read sections 4246(b) and 4247(b) as mandating that the respondent in a civil commitment action be permitted to choose his own expert, with whom ex parte communications would be appropriate, whenever the Court elects to designate an independent expert under the statute.

Fortunately, the Court does not need to resolve this arguable ambiguity in the text of section 4247(b) in this case. Since the respondent's counsel requires the assistance of a psychologist or psychiatrist to prepare for the July 7 evidentiary hearing, and since the respondent lacks the financial wherewithal to pay for such expert assistance, the Court may authorize the payment of Dr. Leavitt under 18 U.S.C. § 3006A(e). The respondent's counsel can clearly communicate with an expert appointed under section 3006A(e) on an ex parte basis.

Accordingly, the Court **ORDERS** as follows:

1. The Court hereby amends its April 19, 2010, "Order of Representation" (document #8) to clarify that the respondent's counsel is authorized to enlist the services of Dr. Naomi Leavitt under 18 U.S.C. § 3006A(e). The respondent's counsel may communicate with Dr. Leavitt on an ex parte basis. These communications are subject to the general rules governing the attorney-client and work-product privileges.

2. If the respondent plans to present testimony from Dr. Leavitt at the evidentiary hearing scheduled for July 7, 2010, he must file an expert report with this Court by 5:00 p.m. on July 2, 2010. The report should also be served on the government by this date. Although the Court has approved the payment of Dr. Leavitt under 18 U.S.C. § 3006A(e), it nonetheless thinks it prudent for any expert report the respondent may choose to file to include the information set forth in 18 U.S.C. § 4247(c).

3. If the respondent is in any way dissatisfied with Dr. Leavitt's services and wishes to select a different examiner, he should file a motion requesting leave to obtain the assistance of another examiner by July 2, 2010.

4. The Court expects to hear testimony from Dr. Shawn Channell on July 7, 2010. Although the Court also hopes to hear testimony from the respondent's mental-health expert on that day, the Court recognizes that its evidentiary hearing may need to be continued to allow the respondent adequate time for his expert to complete a mental-health evaluation and report. In particular, the Court recognizes that the respondent has so far refused to meet with Dr. Leavitt; thus, an extension of the July 2 deadline for the respondent to file his expert report and a continuance of the presentation of testimony from the respondent's expert may become necessary.

5.    Any objections to this order shall be filed by 5:00 p.m. on June 29, 2010.

**SO ORDERED.**

**Date:   June 28, 2010**              */s/ Nancy Gertner*
                                       **NANCY GERTNER, U.S.D.C.**